**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**KENNETH WILLIAMS,
MARY WILLIAMS, and
KENNETH L. WILLIAMS on behalf of
themselves and all others similarly situated**                          **PLAINTIFFS**

**V.**                                      **4:11CV00749 JMM**

**STATE FARM MUTUAL
AUTOMOBILE INSURANCE
COMPANY**                                                              **DEFENDANT**

**ORDER DENYING MOTION TO DISMISS
AND STRIKE CLASS ALLEGATIONS**

Pending is the Defendant's Motion to Dismiss Amended Complaint and Strike Class

Allegations.  For the reasons set forth below, the Motion is DENIED.

On November 11, 2007, Plaintiffs Mary Williams and her son, Kenneth L. Williams,

were involved in an automobile accident.  The Williams' vehicle was insured by Defendant State

Farm Automobile Insurance Company.  The other vehicle involved in the accident was insured

by Allstate Insurance Company.  Mary and Kenneth L. Williams were injured in the accident and

received a settlement or damage award from Allstate.  Plaintiffs were required to pay a portion of

their recovery to Defendant State Farm as subrogation.  There was no agreement between

Plaintiffs and Defendant that Plaintiffs had been "made whole" prior to the subrogation request.

In their Complaint, Plaintiffs seek to certify a class of Arkansas residents "who, during

the Class Period of October 14, 2006 through the date of resolution of this action:  (a) have, had,

or were covered under a contract of automobile insurance with Defendant which includes or

included an optional "med pay" and/or "PIP" coverage; (b) received a payment from Defendant

under such coverage; (c) recovered money though settlement or otherwise from a third-party

tortfeasor without the assistance of counsel; and (d) had a portion of such recovery taken by Defendant as subrogation or reimbursement without a judicial determination or agreement that the insured was made whole."  (Amended Complaint, ECF No. 17 at p. 8).

Plaintiffs, on behalf of themselves and the class, seek a declaratory judgment that the Defendant's receipt of subrogation prior to a "made whole" determination or agreement violates Arkansas law.  Plaintiffs seek an order restoring the status quo by requiring that Defendant pay monetary restitution to Plaintiffs and the class of 100% of the subrogated proceeds that Defendant received from each insured.  Plaintiffs also seek a permanent injunction to assure that the Defendant will not receive subrogation prior to reaching an agreement with its insureds or receiving a judicial determination that the insured has been made whole.

In the motion to dismiss, Defendant argues that Plaintiff Kenneth Williams does not have standing to bring this suit because he does not allege that he suffered an injury as a result of the Defendant's alleged illegal practice.  Defendant further argues that the Court should dismiss Plaintiffs' claims because it is based upon a new interpretation of Arkansas subrogation law which should not be applied retroactively.  In the alternative, the Defendant asks the Court to strike Plaintiffs' class allegations.

I.      Standard for Motion to Dismiss pursuant to Rule 12(b)(6)

The United States Supreme Court recently clarified the standard to be applied when deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).  *See Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions,

and a formulaic recitation of the elements of a cause of action will not do. *Id.* at 1964-65 (citing *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 508, n. 1, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002); *Neitzke v. Williams*, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989) ("Rule 12(b)(6) does not countenance ... dismissals based on a judge's disbelief of a complaint's factual allegations"); *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974) (a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely")).  Although "[g]reat precision is not required of the pleadings," the complaint should state how, when, and where the cause of action occurred.  *Gregory v. Dillard's Inc.,* 494 F.3d 694, 710 (8th Cir. 2007).  "So, when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court." *Bell Atlantic*, 127 S.Ct. at 1966 (internal citations omitted).

II.   Discussion of the Law

A.   Standing

Defendant argues that Plaintiff Kenneth Williams, the policyholder who was not present in the vehicle at the time of the accident, does not have standing to bring this case because he has not alleged that he suffered damage as a result of the Defendant's actions.  The Court finds that there is not adequate information in the record and that the issue has not been adequately briefed by the parties.  The Court invites the parties to re-address this issue in subsequent pleadings. The motion is denied as to Kenneth Williams at this time.

B.   Arkansas Law

In support of the motion to dismiss, Defendant argues that the Arkansas Supreme Court

in *Riley v. State Farm*, 2011 WL 2410521 (Ark. 2011) added a new requirement to Arkansas'

law of subrogation.  Specifically, State Farm contends that the *Riley* court changed the law by

holding that an insurer's right to subrogation does not arise until there has been a judicial

determination or agreement between the parties that the insured has been made whole.  *See*

*Riley,* 2011 WL 2410521 at *12.  Plaintiffs respond that *Riley* did not change the law but merely

explained that State Farm's interpretation of Arkansas' subrogation law was incorrect.  The

Court agrees with the Plaintiffs.

As early as 1997, the Arkansas Supreme Court stated:

An insured's right to subrogation takes precedent over that of an insurer, so the insured
must be wholly compensated before an insurer's right to subrogation arises; therefore, the
insurer's right to subrogation arises only in situations where the recovery by the insured
exceeds his or her total amount of damages incurred.

*Franklin v. Healthsource of Arkansas,* 328 Ark. 163, 169, 942 S.W.2d 837, 840 (1997).  In other

words, there is no right to subrogation by an insurer until the insured's recovery exceeds his or

her total amount of damages incurred.  The Riley court does not change the law but merely

clarifies that the right to subrogation does not arise until the insured is made whole– a

determination that must be made by agreement or, in the alternative, judicial determination.

Therefore, the Court finds that the Plaintiffs have set forth a claim upon which relief may be

granted.  Defendant's motion to dismiss is denied.

C.      Motion to Strike Class Allegations

Rule 12(f) provides: "The court may strike from a pleading an insufficient defense or any

redundant, immaterial, impertinent, or scandalous matter. . . ."  Fed. R.Civ. P. 12(f).  The class

allegations in this case are not redundant, immaterial, impertinent, or scandalous.  Therefore, the

Court sees no reason to strike the allegations at this time.  The Defendant may argue that the

class allegations should be dismissed if a motion for class certification is made by the Plaintiffs.

III.     Conclusion

For these reasons, Defendant's Motion to Dismiss Amended Complaint and Strike Class Allegations (Docket # 20) is DENIED.  The stay of discovery is lifted.

IT IS SO ORDERED this 6th day of June, 2012.

James M. Moody
United States District Judge